IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHAD D. DAY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV378 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ADAM M. KRAMER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's request for trial in North Platte, Nebraska (Filing No. 9). The defendant filed an affidavit (Filing No. 11) in support of the request. The plaintiff did not oppose the request for trial in North Platte.

## BACKGROUND

According to the allegations in the complaint, on August 27, 2004, the defendant came up behind the plaintiff and struck the plaintiff on the side of his head then struck the plaintiff several more times while the plaintiff was lying on the ground. **See** Filing No. 1. The plaintiff sustained injuries and medical expenses totaling over $70,000, to date, with future medical expenses expected to exceed $10,000. The plaintiff also alleges pain and suffering caused by the assault and battery. The alleged assault and battery occurred in Stapleton, Logan County, Nebraska.

The plaintiff requested trial by jury, but did not designate a place of trial in the complaint. **See** Filing No. 1. However, because the case was filed in Omaha, the Clerk of Court designated the matter for trial in Omaha pursuant to the local rules of court. NECivR 40.1(c). On October 27, 2005, with the Answer, the defendant requested the place of trial be designated as North Platte, Nebraska. **See** Filing No. 9.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action . . .
> shall make written request for trial of the case at Omaha,

> Lincoln, or North Platte. Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, . . . may file a written request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

Further, in deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. **Standard Office Sys. v. Ricoh Corp.**, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

      The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare Terra Int'l, Inc. v. Mississippi Chem. Corp.**, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. **BASF Corp. v. Symington**, 50 F.3d 555, 557 (8th Cir. 1994); **Gen. Comm. of Adjustment v. Burlington N.R.R.**, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. **Nelson**, 747 F. Supp. at 535 (**citing Van**

*Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); **General Comm.**, 895 F. Supp. at 252; **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The plaintiff resides in Dickinson, North Dakota.  **See** Filing No. 1, ¶ 1.  The defendant resides in Thedford, Nebraska.  **See** Filing No. 11, ¶ 2.  Thedford, Nebraska is approximately 70 miles north of North Platte and 240 miles north and west of Omaha.  **See** *id.* ¶ 2.  The alleged assault and battery took place in Stapleton, Nebraska, which is approximately 25 miles north of North Platte and 250 miles west of Omaha.  *Id.* ¶ 3.  While no discovery has been done, the defendant states the witnesses would likely be located closer to North Platte than to Omaha.  *Id.* ¶ 4.  Finally, the defendant contends that to have trial in Omaha would be a hardship on the defendant, who prefers trial to be held in North Platte, Nebraska.

The convenience of witnesses, on the basis of the affidavit before the court, appears to favor North Platte.  For counsel and the parties, the relative convenience of trial in North Platte outweighs the convenience to the plaintiff and his counsel of having trial in Omaha.  After reviewing the materials submitted by the parties at this time, the Court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be North Platte, Nebraska.  Accordingly,

**IT IS ORDERED:**

1. The defendant's request for place of trial in North Platte, Nebraska (Filing No. 9) is sustained.

2. The Clerk of Court shall amend the docket in this matter to reflect the place of trial is North Platte, Nebraska.

DATED this 23rd day of November, 2005.

BY THE COURT:

/s Thomas D. Thalken
United States Magistrate Judge